LEVI B. TYNG vs. BOSTON AND MAINE RAILROAD.

The description of the grantor in a deed as residing out of the commonwealth, and proof of that fact, is not of itself sufficient evidence that the deed was in fact executed abroad, so as to admit secondary evidence of its execution, with-out accounting for the absence of the subscribing witnesses.

SHAW, C. J. This action was assumpsit to recover the value of one set of patent chilled tires, for an engine, includ-ing the patent right for an engine. It became necessary for the plaintiff to prove that he was owner of the patent right, and he proved that the patent was granted to Thatcher Per-kins and one William McMahan. The plaintiff then offered a deed purporting to be from Thatcher Perkins to himself. How this was to transfer the patent right, without joining McMahan, we do not perceive, but no question was raised respecting it.

The only question discussed at the argument was, whether the proof offered to account for the absence of the attest-ing witnesses, was sufficient to warrant the admission of secondary evidence.

The deed was from Thatcher Perkins, of Baltimore, in the state of Maryland, to Levi B. Tyng, of Lowell, and was attested by two witnesses, William L. Baird and W. H. Woodbury. These witnesses were not produced, and a wit-ness for the plaintiff testified he knew the grantor, that he lived in Baltimore, and that the signature to the deed was in his handwriting. Another witness for the plaintiff testified that he had lived in Lowell thirty years, that he knew several persons by the name of Woodbury, but did not know any whose name was W. H. Woodbury, though he did not know what the christian name of any of said persons was. Upon this evidence, the presiding judge admitted the deed to be read to the jury, against the defendant's objection.

If the deed was in fact executed out of the state, the pre-sumption is, that the attesting witnesses are out of the state, and out of the jurisdiction of the court, and then, without further evidence respecting the attesting witnesses, secondary

evidence is admissible. But the presumption may be rebutted by proof that the attesting witnesses, or either of them, are within the jurisdiction of the court.

But the description of the parties in the deed, the grantor, as of Baltimore, and the grantee, as of Lowell, affords no evidence that it was executed in Baltimore. In the absence of proof that the deed was executed out of the state, some evidence must be offered to prove that the attesting witnesses are in fact out of the jurisdiction of the court, or proof of satisfactory inquiry and search for them.

In this case, we think no sufficient evidence was given, to prove, either that the deed was executed in any other state or country, or that any reasonable inquiry was made to ascertain where the deed was executed, — a fact which must have probably been known to the plaintiff, to whom it was given, — or that any inquiry and search was made to find the attesting witnesses. The court are, therefore, of opinion, that the secondary evidence ought not to have been admitted.

*New trial ordered.*

*C. P. Judd*, for the defendants.
*B. F. Butler*, for the plaintiff.